United States District Court
Southern District of Texas

**ENTERED**

April 14, 2026

Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| DANH CONG LE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-25-209 |
| | § | |
| GENERAL MOTORS COMPANY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Danh Cong Le sued General Motors LLC, alleging a number of issues relating to a 2024 GMC Sierra 2500HD.  On July 24, 2025, the court granted General Motors's second motion to dismiss and granted Le one final opportunity to properly serve General Motors and to allege facts in an amended complaint stating a plausible claim for relief as to each cause of action asserted. (Docket Entry No. 44 at 3).  Le filed a third amended complaint.  (Docket Entry No. 52).  General Motors again moved to dismiss, arguing both that Le had again failed to properly serve it in compliance with Rule 4 of the Federal Rules of Civil Procedure and that the third amended complaint still failed to plausibly plead any viable causes of action.  (Docket Entry No. 53).  Based on the pleadings, the motion, the history of this case, and the court's past orders, the court grants the motion to dismiss.  This case is dismissed, with prejudice, because further amendment would be futile.  The reasons are explained below.

I.     **Background**

This case began in December 2024, when Le sued General Motors in state court for alleged defects related to his GMC Sierra.  (Docket Entry Nos. 1, 1-1).  Le asserted that General Motors was liable for the issues with his vehicle, including a defective computer module, faulty brakes,

damage to the oil valve, and mishandling repairs, all of which made the car unsafe. (Docket Entry No. 1-1 at 6). In addition to his product liability and negligence claims, Le also brought claims for defamation and unfair business practices. (*Id.* at 7). General Motors removed to this court. (Docket Entry No. 1). General Motors moved to dismiss Le's amended complaint. (Docket Entry No. 4). The court granted General Motors's motion to dismiss for lack of personal jurisdiction. (Docket Entry No. 34).

On April 16, 2025, Le filed a second amended complaint, adding ESIS, Inc. as a defendant. (Docket Entry No. 35). On July 24, 2025, the court granted the defendants' motion to dismiss, concluding that neither party had been properly served because "Rule 4 is clear that the summons and complaint must be served by someone who is 'not a party'" and so Le could not serve the parties himself, as he had tried to do. (Docket Entry No. 44 at 1 (quoting Fed. R. Civ. P. 4(c)(2))). The court also concluded that Le had failed to state a plausible claim for relief against either defendant. (*Id.* at 2). The court refused to consider factual assertions contained elsewhere in Le's filings that did not appear in his pleadings. (*Id.* at 3). The court gave Le "one final opportunity to amend his complaint." (*Id.*). The court ordered Le to properly serve the defendants with the summons and next amended complaint in accordance with Rule 4 and to amend his complaint to state each cause of action, the supporting facts, and the relief sought. (*Id.*).

Le subsequently filed his third amended complaint (inaccurately labeled as the second amended complaint). (Docket Entry No. 52). General Motors again moved to dismiss under both Rule 12(b)(5) and Rule 12(b)(6). (Docket Entry No. 53). General Motors argued that despite the court's clear orders, Le again failed to properly serve the summons and complaint under Rule 4, because (1) Le cannot serve the summons and complaint himself, (2) no summons had been issued for General Motors, as required by both this court's rules and the local rules, and (3) regardless, a

copy of the summons and complaint was not properly delivered, given that Le merely emailed the third amended complaint to General Motors's local counsel, which is not proper service under either Rule 4 or applicable state law.  (Docket Entry No. 53 at 6–9).  General Motors also argues that, in any event, Le has failed to state any plausible claims for relief against it.  (*Id.* at 9–14).  ESIS also filed a motion to dismiss, (Docket Entry No. 54), although it has since been dismissed from this suit under Rule 41(a)(1)(A)(i), (Docket Entry Nos. 60, 61).

## II.    The Legal Standard

### A.  The Rule 12(b)(5) Standard

A party may raise insufficient process or insufficient service of process by moving to dismiss under Rule 12(b)(4) or 12(b)(5).  "A motion to dismiss pursuant to 12(b)(5) turns on the legal sufficiency of the service of process."  *Quinn v. Miller*, 470 F. App'x 321, 323 (5th Cir. 2012).  "The party making service has the burden of demonstrating its validity when an objection to service is made."  *Holly v. Metropolitan Transit Authority*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Caribbean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)).  "In the absence of valid service of process, proceedings against a party are void."  *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design*, 635 F.2d 434, 435 (5th Cir. 1981).

"For service to be effective, a plaintiff must comply with the requirements of Rule 4."  *Harris v. HireRight LLC*, No. 3:23-CV-01679-E, 2024 WL 4805375, at *2 (N.D. Tex. Nov. 15, 2024).  "In considering a motion to dismiss for lack of service of process, a court may properly look beyond the pleadings to determine whether service was sufficient."  *Id.*

### B.  The Rule 12(b)(6) Standard

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  Rule 12(b)(6) must be read in conjunction with Rule 8(a),

which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

"A complaint 'does not need detailed factual allegations,' but the facts alleged 'must be enough to raise a right to relief above the speculative level.'" *Cicalese v. Univ. Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019) (quoting *Twombly*, 550 U.S. at 555). "Conversely, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should be exposed at the point of minimum expenditure of time and money by the parties and the court." *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (cleaned up).

III.    **Analysis**

A.  **Rule 12(b)(5)**

General Motors asserts that three separate failures justify dismissal under Rule 12(b)(5). First, it argues that Le cannot effect service himself. (Docket Entry No. 53 at 6). Second, General Motors argues that no summons has been issued, as required by the federal rules and the court's local rules, and that with no summons, a defendant cannot be properly served. (*Id.*). Third, General Motors argues that Le simply emailed the third amended complaint to General Motors's

local counsel, which is not sufficient to meet Rule 4, which requires that, to serve an LLC like General Motors, service be made either by delivering a copy of the summons and complaint "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" or by following state law. (*Id.* at 7 (quoting Fed. R. Civ. P. 4(h)(1))).

The court need not reach all three grounds to dismiss this case under Rule 12(b)(5). In its order dismissing Le's second amended complaint and allowing him leave to amend, the court explained in no uncertain terms that under Rule 4, Le could not serve General Motors himself. (*See* Docket Entry No. 44 at 1 ("Rule 4 is clear that the summons and complaint must be served by someone who is 'not a party.' FED. R. CIV. P. 4(c)(2). As the plaintiff in this case, Mr. Le cannot personally serve the defendants. Neither defendant has been properly served.")). Le had attempted service on General Motors by sending the complaint to General Motors himself by Certified Mail. (Docket Entry No. 40). The court warned Le that "[i]f the defendants are not properly and timely served . . . this case will be dismissed with prejudice." (Docket Entry No. 44 at 3); *see Crittendon v. Tex. Dep't of Health & Human Servs.*, Civ. Action No. H-19-1624, 2019 WL 5927261, at *3 (S.D. Tex. Nov. 12, 2019) (dismissing a case with prejudice for failure to properly serve the defendant).

The docket reflects that, once again, Le has tried to serve General Motors himself and has otherwise failed to properly serve General Motors. On August 5, 2025, Le filed a "proof of service" stating that—again—he had served General Motors via certified mail, which "confirm[ed] compliance with the Court's prior instructions regarding proper service of the Amended Complaint on the correct defendant entities."[1] (Docket Entry No. 47). As an initial matter, the court ordered

---

[1] Also on August 5, 2025, Le also filed a "Notice of Evidence Submission" asserting that he had already properly served General Motors on June 10, 2025, (Docket Entry No. 46), even though the court had found in its July 24, 2025, order that the attempted June service was improper.

Le to serve General Motors with a copy of the next amended complaint, not the old amended complaint, which the court had already dismissed for failure to state a claim. (Docket Entry No. 44 at 3). Le did not file his third amended complaint until September 26, 2025, indicating that the proof of service he filed did not relate to the third amended complaint, as the court had ordered. In addition, despite the court's order stating that he cannot serve a party himself, Le again seemingly tried to mail that version of the complaint himself. There is no indication in this purported proof of service or elsewhere that an independent third party sent the mail, nor a return receipt indicating that the mail was received. (*See generally* Docket Entry No. 47).

Next, to the extent that Le tried to serve the third amended complaint, there is no proof of service relating to that version of the complaint nor any indication that General Motors was properly served. General Motors asserts that Le merely emailed the third amended complaint to General Motors's local counsel and provided the court with the email to which Le attached the third amended complaint. (Docket Entry No. 53 at 7; Docket Entry No. 53-1). Le does not address General Motors's arguments about improper service at all in his response to the motion to dismiss, (Docket Entry No. 55), even though he bears the burden of demonstrating proper service once General Motors has challenged that service. Again, because Le is a party, he cannot personally serve the opposing party. "[U]nder both the Federal Rules of Civil Procedure and the Texas Rules of Civil Procedure, a party is not permitted to serve process, even by mail." *Avdeef v. Royal Bank of Scot., P.L.C.*, 616 F. App'x 665, 672 (5th Cir. 2015). "There is no exception for pro se litigants." *Id.*; *see also Shabazz v. City of Hous.*, 515 F. App'x 263, 264 (5th Cir. 2013) (per curiam); *Craig v. Am. Honda Motor Co.*, Civ. Action No. 9:21-CV-043, 2021 WL 5501794, at *2 (E.D. Tex. Oct. 26, 2021) ("Plaintiff, by sending the summons personally, has not properly effectuated service."), *report and recommendation adopted*, 2021 WL 5493362 (E.D. Tex. Nov. 22, 2021).

6

And, as General Motors points out, (Docket Entry No. 53 at 7–8), emailing its local counsel is insufficient under any relevant state's law anyway. *See* TEX. R. CIV. P. 103; MICH. CT. R. 2.105(H); 6 DEL. CODE § 18-105(a).

Le's method of service does not comply with federal law or state law procedure. He has not shown good cause for failing to comply with the court's order instructing him that he needed to properly serve General Motors with the latest amended complaint and that he could not serve General Motors himself. This complaint is dismissed for repeated improper service.

## B. Rule 12(b)(6)

Alternatively, the court grants dismissal under Rule 12(b)(6) because Le has failed to state any claims upon which relief could be granted. The court gave Le one final opportunity to amend his complaint to meet the standards of Rule 8, and he has failed to do so. The dismissal is with prejudice because repeated amendments have failed to cure the deficiencies and further amendment would be futile.

### 1. Negligence and Gross Negligence

"Under Texas law, the elements of a negligence claim are (1) a legal duty on the part of the defendant; (2) a breach of that duty; and (3) damages proximately resulting from that breach." *Lane v. Halliburton*, 529 F.3d 548, 565 (5th Cir. 2008) (quoting *Sport Supply Grp., Inc. v. Columbia Cas. Co.*, 335 F.3d 453, 466 (5th Cir. 2003)). "Gross negligence is a heightened form of negligence which requires proof of 'an extreme degree of risk' and a 'conscious indifference' by the negligent actor." *Id.* (quoting *Mobil Oil Corp. v. Ellender*, 968 S.W.2d 917, 921 (Tex. 1998)).

Le alleges negligence against General Motors on the ground that it "owed [him] a duty to repair the vehicle safely and competently." (Docket Entry 52 at 2). He alleges that General Motors

7

breached that duty by "knowingly returning the truck with unresolved defects and concealing diagnostic results." (*Id.*).  He alleges gross negligence because General Motors's "instructions to technicians to reassemble the engine without fixing it," "concealment of diagnostics," and "repeated return of an unsafe vehicle" show a conscious disregard for his and his family's safety. (*Id.*).  Le has provided various invoices and reports from independent General Motors dealerships for repairs to the truck.  (*Id.* at 4–18).

As General Motors points out, the only negligence claims in the third amended complaint relate to the negligent repair of Le's vehicle. (Docket Entry No. 53 at 9).  And as General Motors further points out, the supporting exhibits show that all the repairs were done by independent dealerships. (*Id.* at 10).  Those dealerships are not a party to this case and there is no allegation in the third amended complaint that General Motors itself was involved in or had control over the repairs.  Le asserts in his response brief that the technician at the authorized Sterling McCall dealership received "DIRECT ORDERS FROM GENERAL MOTORS CORPORATE" to perform the diagnostics and basic repair but not to fix the underlying engine problem, (Docket Entry No. 55 at 3), but neither that alleged fact nor any of the other allegations in the response brief about General Motors's direct involvement in the repairs is included in the third amended complaint.  The court previously warned Le that the factual assertions he relies on must be "on the face" of his complaint, and not in a motion or other document that was not a pleading. (Docket Entry No. 44 at 3).  The court cannot consider the allegations of corporate control and involvement that are not in the third amended complaint.  In addition, to the extent that the third amended complaint could also potentially be construed as asserting negligence claims against General Motors for building a faulty car, "[a] party may not disguise a products liability claim as a

negligence claim to avoid dismissal." *Murray v. Gen. Motors, L.L.C.*, 478 F. App'x 175, 181 (5th Cir. 2012) (per curiam).

Because Le has not plausibly pleaded a negligence claim against General Motors, there is no viable gross negligence claim. *See Perez v. U.S. Xpress, Inc.*, No. 6:21-CV-00432-ADA, 2023 WL 3681714 (W.D. Tex. Mar. 10, 2023) ("A plaintiff who cannot support a cause of action for negligence cannot recover for gross negligence because a finding of ordinary negligence is a prerequisite to a finding of gross negligence." (quoting *Madrid v. Galp Waters Ltd. P'Ship*, No. H-12-3252, 2014 WL 12539253, at *3 (S.D. Tex. June 6, 2014))). Regardless, gross negligence consists of two components. A plaintiff "must prove by clear and convincing evidence that 1) when viewed objectively from Defendants' standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeding with conscious indifference to the rights, safety, or welfare of others." *Phillips v. Super Servs. Holdings, LLC*, 189 F. Supp. 3d 640, 654 (S.D. Tex. 2016). Even assuming (and the court does not) that General Motors had committed acts or omissions that involved an extreme degree of risk, there are no non-conclusory factual allegations in Le's third amended complaint that General Motors had subjective awareness of the risks involved and proceeded with conscious indifference to others. (*See generally* Docket Entry No. 53).

The negligence and gross negligence claims are dismissed, with prejudice, for failure to state a claim and for failure to comply with the court's order requiring Le to plausibly plead this claim in his final amended complaint.

9

### 2. Breach of Warranty

To establish breach of an express warranty, a plaintiff "must allege (1) an express affirmation of fact or promise by the seller relating the goods; that such affirmation of fact or promise by the seller became a part of the basis of the bargain; (3) that [Plaintiff] relied upon said affirmation of fact or promise; (4) that the goods failed to comply with the affirmation of fact or promise; (5) [Plaintiff] [was] injured by such failure of the product to comply with the express warranty; and (6) that such failure was the proximate cause of [Plaintiff's] injury." *Bauer v. AGCO Corp.*, 770 F. Supp. 3d 957, 962 (W.D. Tex. 2025) (alterations in original) (quoting *Harris v. BMW of N. Am.*, No. 4:19-CV-00016, 2020WL 7081808, at *5 (E.D. Tex. Dec. 3, 2020)). Both claims for breach of implied warranty and breach of express warranty require the plaintiff to provide pre-suit notice. *See Orrson v. Sig Sauer, Inc.*, Civ. Action No. H-25-1776, 2026 WL 494129, at *6 (S.D. Tex. Feb. 23, 2026).

Even setting aside the numerous other issues with Le's breach of warranty claim, he does not allege that he provided General Motors with pre-suit notice. (*See generally* Docket Entry No. 52). That dooms his claim. Notably, "commencement of litigation does not satisfy the notice requirement." *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 706 (5th Cir. 2014) (quoting *U.S. Tire-Tech, Inc. v. Boeran, B.V.*, 110 S.W.3d 194, 201–02 (Tex. App.—Houston [1st Dist.] 2003, pet. denied)). Without pre-suit notice, Le's breach of warranty claim cannot proceed. *See Morgan v. Medtronic*, 172 F. Supp. 3d 959, 970 (S.D. Tex. 2010) (dismissing breach of warranty claims because the plaintiff did not provide pre-suit notice and stating that "[c]ourts in Texas consistently hold that failure to provide pre-suit notice is fatal to a plaintiff's warranty claim").

This claim is dismissed, with prejudice, for failure to state a claim and for failure to comply with the court's order requiring Le to plausibly plead this claim in his final amended complaint.

**IV.    Conclusion**

Le argues that because he is proceeding pro se, the court must construe his pleadings liberally to avoid dismissal.  (Docket Entry No. 55 at 3).  That is true.  But it is also true that although pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), "*pro se* status does not provide an 'impenetrable shield,' 'for one acting *pro se* has no license to harass others, clog the machinery with meritless litigation and abuse overloaded court dockets.'" *Hunsinger v. Valor Intelligent Processing*, No. 3:25-cv-1880-X-BT, 2026 WL 271032, at *2 (N.D. Tex. Jan. 13, 2026) (quoting *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986)), *report and recommendation adopted*, 2026 WL 269365 (N.D. Tex. Jan. 30, 2026). The court has repeatedly warned Le of the deficiencies in service and the deficiencies in his complaint and allowed Le multiple opportunities to fix those deficiencies.  He has failed to do so.

The court grants the motion to dismiss.  (Docket Entry No. 53).  This case is dismissed, with prejudice, for failure to properly serve General Motors under Rule 12(b)(5), for failure to state a claim under Rule 12(b)(6), and for failure to follow this court's orders.  *See, e.g.*, *Fuller v. Texas*, No. 6:25-cv-00364, 2026 WL 503584, at *1 (E.D. Tex. Feb. 23, 2026) (noting that "failure to comply with an order of the court is grounds for dismissal with prejudice" (quoting *Slack v. McDaniel*, 529 U.S. 473, 489 (2000))).

SIGNED on April 13, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

11